UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 11

MATTERHORN NURSERY, INC.           Case No. 10-23887(rdd)

                          Debtor.
------------------------------------------------------------x

**CONSENT ORDER (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363; (II) PROVIDING ADEQUATE PROTECTION
PURSUANT TO 11 U.S.C. §§ 361 AND 363 ;
AND (III) GRANTING RELATED RELIEF**

Upon the motion dated September 24, 2010 (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor") for, inter alia, entry of a final order ( this "Final Order"): (i) authorizing the Debtor to use cash collateral that allegedly secures certain obligations of the Debtor owing to Farm Credit East, ACA, successor by merger to First Pioneer Farm Credit, ACA ("Farm Credit"), pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") subject to the terms and conditions set forth herein, (ii) providing adequate protection to Farm Credit pursuant to sections 361 and 363 of the Bankruptcy Code as more fully set forth herein and (iii) granting related relief; and this Court having entered an Order granting the interim use of cash collateral on October 6, 2010 (the "Interim Order"); and upon the record of the October 29, 2010 hearing held with respect to the entry of this Final Order (the "Final Hearing"); and there being no opposition to the relief granted herein; and it appearing that the relief requested in the Motion, to the extent granted by this Final Order, is in the best interests of the Debtor, its estate and creditors; and after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law (to the extent any findings of fact constitute conclusions of law, they are adopted as such, and vice versa):

**RECITALS:**

A. On September 10, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 11 Case").

B. The Debtor has retained possession of its property and continues to operate and manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. No official committee of unsecured creditors (the "Committee") has been appointed in the Chapter 11 Case.

D. The Court has jurisdiction over the Chapter 11 Case and the Debtor's property pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The Final Hearing was held pursuant to Bankruptcy Rule 4001(b)(2). As evidenced by the proof of service filed with the Court on October 7, 2010, due and sufficient notice of the Final Hearing and the relief requested in the Motion was provided by the Debtor in accordance with paragraph 12 of the Interim Order.

<u>The Farm Credit East, ACA Loans and Security Agreements</u>

F. Debtor represents, stipulates, acknowledges and agrees that, prior to the Petition Date, Farm Credit made certain loans and other financial accommodations available to the Debtor, pursuant to a series of Loans and Security Agreements, commencing on or about November 1997 and continuing throughout February 2009 (as amended, modified, and supplemented from time to time, the "Loan Agreements," and collectively with all guarantees, UCC financing statements and such other documents that Farm Credit alleges evidences and secures the Indebtedness, as defined below, the "Loan Documents").

G. Farm Credit alleges and asserts that, as of the Petition Date, the Debtor was indebted to Farm Credit under the Loan Agreements in the aggregate principal amount, including

interest and fees, of not less than $3,863,029.19 (such amount, together with any additional interest, fees, costs, expenses [including reasonable fees and expenses of Farm Credit's counsel], and other amounts heretofore or hereafter accruing thereon or at any time thereafter is collectively referred to herein as the "Indebtedness").

H.  As security for the payment of the alleged Indebtedness, Farm Credit alleges that Debtor granted to Farm Credit, pursuant to the Loan Documents, a security interest in and liens on substantially all of the Debtor's property as more fully described in the Loan Agreements (all such property being defined in the Loan Agreements and similarly defined herein as the "Collateral," such liens thereon being defined herein as the "Liens," and the cash proceeds thereof, together with all cash collateral as defined in section 363(a) of the Bankruptcy Code, being defined herein as "Cash Collateral").

I.  The Debtor requires the use of Cash Collateral to the extent provided herein in order to prevent a disorderly termination or disruption of its business, including the need for the payment of the expenses set forth on the Budget attached hereto as Exhibit "A" (the "Budget") as may be subsequently modified from time to time in accordance with paragraph 8 hereof. Good cause has been shown for the entry of this Final Order. Allowing the use of Cash Collateral, therefore, is in the best interest of the Debtor's estate and its creditors.

**NOW THEREFORE, IT IS HEREBY AGREED AND ORDERED THAT:**

1.  Disposition.  The Motion is hereby granted on a final basis to permit the Debtor's use of the Cash Collateral to the extent and subject to the terms set forth herein. This Final Order shall be valid and binding on all parties-in-interest and fully effective immediately upon entry.

2.  Use of Cash Collateral.  Debtor is hereby authorized to use Cash Collateral *nunc pro tunc* to the Petition Date for the purpose of operating its business within the constraints imposed by the Budget and subsequent Budgets approved by Farm Credit hereunder, through the earlier of (a) May 2, 2011 or (b) entry of an Order of the Bankruptcy Court confirming a plan of reorganization or a plan of liquidation, unless superseded by subsequent Order of this Court and to perform its obligations, in accordance with, and subject to, the terms of this Final Order.

Notwithstanding any relief granted in any other order entered by the Court, but subject to the terms and conditions of this Final Order, the Debtor shall not make any expenditures unless, and to the extent that, such expenditures are encompassed and expressly included in this Final Order, the Budget or subsequent Budgets approved by Farm Credit.

3. <u>Adequate Protection Liens</u>.  As adequate protection of Farm Credit's interests in and to the Collateral, including adequate protection against the diminution of the value of the Collateral and the Cash Collateral resulting from the imposition of the stay arising under section 362(a) of the Bankruptcy Code, or resulting from the pendency of the Chapter 11 Case, Farm Credit is hereby granted, subject to the other terms and conditions of this Final Order, valid, binding, enforceable, and duly perfected security interests in and liens on (with such liens having only the same extent, priority and validity as the Liens), all property of the Debtor now in existence or hereafter acquired, including, without limitation, new inventory of the Debtor acquired from and after the Petition Date and all proceeds, accounts receivable, cash, products, rents, and profits thereof, in an amount equal to the diminution of the Collateral (the "<u>Adequate Protection Liens</u>").  Any replacement lien granted to Farm Credit in any specific asset of the Debtor, which is encumbered by an existing first priority lien, shall remain subordinate to such existing first priority lien. Further, any Adequate Protection Lien granted to Farm Credit shall not attach to any estate causes of action under Sections 542 through 553 of the Bankruptcy Code or to any of the proceeds thereof. Except as expressly set forth in this Final  Order, the Adequate Protection Liens granted herein shall not otherwise be subject to any liens which are avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code, and shall not be subordinated to or made <u>pari passu</u> with any other lien under section 364(d) of the Bankruptcy Code or otherwise.  To the extent that the adequate protection provided herein proves to have been inadequate, Farm Credit shall be deemed to have an allowed claim with priority over all other administrative claims and expenses as provided in section 507(b) of the Bankruptcy Code ("<u>Adequate Protection Administrative Claim</u>").

4. <u>Restrictions on the Use of Proceeds</u>.  From and after the date of entry of this Final Order, the proceeds of the Collateral and Cash Collateral shall not, directly or indirectly, be used to pay any expenses, payments, and/or disbursements of Debtor or incurred by Debtor except for

4

those items which are expressly permitted under the Budgets or this Final Order, and in such amounts as clearly identified in the Budgets and/or this Final Order.

5. <u>Termination</u>.  This Final Order shall terminate upon the earlier of (a) May 2, 2011 or (b) entry of an Order of the Bankruptcy Court confirming a plan of reorganization or a plan of liquidation, unless superseded by subsequent Order of this Court.  Notwithstanding anything herein or in the Loan Documents, the Debtor shall no longer, pursuant to this Final Order, the Loan Documents, or otherwise, be authorized to use Cash Collateral (and the limited consent herein to the use of Cash Collateral shall be terminated) from and after a date (the "<u>Termination Date</u>") which is seven (7) business days after service upon the Debtor and its counsel of a written notice identifying the applicable Termination Event (as defined below) and, if applicable, Debtor's noncompliance with the Budgets or this Final Order, with a copy to the U.S. Trustee and the Committee's counsel, if any, (or its members if no counsel has been retained), of the occurrence of any of the following events and which event of termination is not cured within seven (7) business days (any such event shall be referred to as a "<u>Termination Event</u>"):

- (i) Non-compliance by the Debtor with any term or provision of the Budgets or this Final Order; provided, however, the Debtor's expenditures may vary from the Budgets in an aggregate amount not to exceed 10% of the total expenditures set forth in the Budgets.

- (ii) The earliest to occur of the following:  (a) the filing of any motion to sell any of the Debtor's material assets, i.e., assets with a book value in excess of $25,000.00 ("<u>Material Assets</u>"), outside the ordinary course of business that does not provide for the payment of the balance of the net proceeds of such sale to Farm Credit on the sale closing date to the extent that Farm Credit has a valid and enforceable lien thereon and after full payment of any first priority valid and enforceable lien in such Material Asset; (b) conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (c) dismissal of the Chapter 11 Case; (d) the entry of an order appointing a trustee or an examiner with expanded powers in the Chapter 11 Case; and

(e) the automatic stay is lifted as to any party in order to permit foreclosure on any Material Assets which are part of the Collateral.

6. Rights upon Termination. On the Termination Date, the Debtor shall cease all use of Cash Collateral and Farm Credit shall be entitled to an emergency hearing before the Court with respect to lifting the automatic stay under section 362 of the Bankruptcy Code, which hearing shall be conducted as soon as the Court's schedule will allow with limited and shortened written notice to Debtor's counsel, the Committee's counsel (or its members if counsel has not been retained) or to the twenty (20) largest creditors of Debtor and the U.S. Trustee (which notice shall be not less than five (5) business days). The only issue at such hearing that may be raised by any party in opposition thereto shall be whether, in addition to the validity, extent and enforceability of Farm Credit's interests in the Collateral, assuming the Investigation Period, as set forth in Paragraph 7 below, has not yet expired, a Termination Event has occurred and is continuing, and such opposing party shall have the burden of proof that a Termination Event has not occurred; provided, however, that nothing herein shall prohibit the Debtor from moving to seek Court approval to use Cash Collateral and Farm Credit reserves all of its rights and defenses with respect to any such motion. Notwithstanding the occurrence of the Termination Date or anything herein to the contrary, all of the rights, remedies, benefits, and protections provided to Farm Credit under this Final Order shall survive the Termination Date.

7. Investigation Period. The Debtor, the Committee and other parties in interest with standing shall be permitted 90 calendar days from the date of entry hereof (the "Investigation Period") to investigate and challenge, only by filing an adversary proceeding, (i) the validity, enforceability, priority, perfection, or amount of the Indebtedness or Farm Credit's Liens; or (ii) assert any claims or causes of action against Farm Credit on behalf of the Debtor's estate based on prepetition events. If no such adversary proceeding is filed by the conclusion of the Investigation Period: (a) the Indebtedness shall constitute an allowed claim (without the necessity of filing a proof of claim) against the Debtor and shall not be subject to any contest, objection, recoupment, defense, counterclaim, offset, claim of subordination, claim of recharacterization, claim of avoidance of any nature, attack or challenge under the Bankruptcy Code, other applicable non-bankruptcy law, or otherwise by the Debtor, any trustee, the Committee or any other person or

entity on behalf of the Debtor's estate, with respect to prepetition events; and (b) the Liens on the Collateral shall be deemed legal, valid, binding, enforceable, duly perfected, not subject to defense, counterclaim, offset of any kind, or subordination, and such liens are otherwise unavoidable except with respect to valuation of the Collateral.

8. <u>Subsequent Budgets</u>.  The Debtor shall provide an updated proposed monthly Budget by the 24th day of each month commencing November 24, 2010 for the following month by providing copies thereof to Farm Credit's counsel and counsel for the Creditors' Committee, if any. If Farm Credit does not object to the Budget within four  (4) business days of the receipt thereof in writing, such Budget shall be deemed to be approved and shall serve as the Budget for the following month for purposes of this Final Order. If, within four  (4) business days receipt of the Budget, Farm Credit objects to expenditures for one or more line items in the proposed Budget, in whole or in part, then, unless Farm Credit and Debtor consensually resolve such objection, the Debtor shall not use Cash Collateral for the disputed item(s) to the extent of such disputed amount. Nothing herein contained shall limit the right of the Debtor to seek emergency relief from the Court if the parties cannot reach agreement.

9. <u>Carveout</u>.  Notwithstanding any provision of this Final Order or the Loan Documents to the contrary, if sufficient funds are not otherwise available from the Debtor's estate from unencumbered assets, Farm Credit will exclude from the Liens, the Adequate Protection Liens and Adequate Protection Administration Claim and make available to the Debtor's estate for payment of the following (the "Carveouts") (i) the quarterly fees of the United States Trustee required to be paid  pursuant to 28 U.S.C. § 1930(a) and (b) and (ii) $10,000 for a Chapter 7 trustee in the event the Chapter 11 Case is converted to a case under Chapter 7 of the Bankruptcy Code.

10. <u>Execution of Documents</u>.  Debtor shall execute and deliver to Farm Credit all such agreements, financing statements, instruments, and other documents as Farm Credit may reasonably request to evidence, confirm, validate, or perfect the liens granted pursuant hereto. Notwithstanding the foregoing, all liens granted herein shall, pursuant to this Final Order, be and they hereby are, deemed perfected, and no further notice, filing, or other act shall be required to effect such perfection; provided, however, if Farm Credit, in its sole discretion, chooses to file such mortgages, financing statements, notices of liens and security interests, and other similar

documents, all such mortgages, financing statements, or similar instruments shall be deemed to have been filed or recorded at the time and on the date of entry of the Interim Order.

11. <u>Successors</u>.  This Final Order shall be binding upon all other parties-in-interest, including, without limitation, Debtor and Debtor's successors and assigns (including, without limitation, any trustee, estate administrator, responsible person or representatives or other fiduciary or similar person hereafter appointed as a legal representative of the Debtor, or with respect to the property of Debtor's estate), the Committee, any other committee that may be appointed in the Chapter 11 Case, and the Debtor's creditors to the extent they were provided notice of the Debtor's request for entry of this Order.

12. <u>Subsequent Reversal or Modifications</u>.  In the event any or all of the provisions of this Final Order are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby.

13. <u>No Waiver of Rights</u>.  Notwithstanding anything to the contrary herein, this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair:  (i) any of the rights of Farm Credit under the Bankruptcy Code or under non-bankruptcy law, including without limitation, the right of Farm Credit to (a) request additional adequate protection of its interests or relief from or modification of the automatic stay under section 362 of the Bankruptcy Code, (b) request conversion of the Chapter 11 Case to chapter 7, (c) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan and/or (d) seek to terminate the automatic stay on appropriate grounds; or (ii) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of Farm Credit. The rights and obligations of the Debtor and the rights, claims, security interests, liens, and priorities of Farm Credit arising under this Final Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens, and priorities of Farm Credit under the Loan Documents.

14. <u>Binding Effect</u>.  The consents hereto may be executed in one or more counterparts, each of which, when taken together shall constitute one and the same document.  A signature transmitted by facsimile shall be deemed an original signature and the submission of this Final

Order to the Court with conformed signatures of consenting parties shall be deemed a

representation to the Court by counsel for the Debtor that each such consent has been obtained.

Dated: White Plains, New York
       November 1, 2010

**/s/Robert D. Drain**
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**ACKNOWLEDGED, CONSENTED AND AGREED TO:**

**ALTER, GOLDMAN & BRESCIA, LLP**
*Attorneys for Debtor and Debtor in Possession.*

By: */s/ Dana P. Brescia*
    Dana P. Brescia (0501)
    550 Mamaroneck Avenue, Suite 510
    Harrison, New York 10528
    Telephone: (914) 670-0030
    Facsimile: (914) 670-0031

    -and-

**MACVEAN, LEWIS, SHERWIN & MCDERMOTT, P.C.**
*Attorneys for Farm Credit East, ACA*

By: */s/ Kevin F. Preston*
    Kevin F. Preston, Esq. (3505)
    34 Grove Street, P.O. Box 310
    Middletown, New York 10940
    Telephone: (845) 343-3000
    Facsimile: (845) 343-3866